IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Brenda R. Brazell, as Personal Representative of the Estate of Allen Robinson Brazell, | ) ) ) ) |
| Plaintiff, | ) C/A No. 6:14 -4588-TMC ) ) |
| v. | ) **ORDER** ) |
| General Motors, LLC f/k/a General Motors Corporation, and Goforth Auto, Inc., | ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the court on a motion to remand this action to state court filed by Plaintiff Brenda R. Brazell ("Brazell") as personal representative of the estate of Allen Robinson Brazell. (ECF No. 7). Defendant General Motors, LLC f/k/a General Motors Corporation ("GM") filed a response opposing the motion (ECF No. 11) and Brazell filed a reply (ECF No. 13). The court held a hearing on the matter on March 19, 2015, and took the matter under advisement. For the reasons below, the court grants the motion to remand.

### I. Background/Procedural History

This case was originally filed in state court on December 3, 2013. (ECF No. 1-1). In his Complaint, Brazell claims there was a design defect in the 1987 GM Chevrolet Silverado pickup truck manufactured by GM and sold by Defendant Goforth Auto, Inc. ("Goforth") which caused the death of Allen Robinson Brazell ("Decedent") in 2012. Brazell alleges that Decedent was involved in a motor vehicle accident where the truck driven by Decedent was struck on the driver's side by another vehicle. (ECF No. 1-1 ¶¶ 7-8, Compl. ¶¶ 7-8). Brazell alleges that the impact resulted in the tank rupturing and the fuel igniting causing Decedent's death. (Compl. ¶

13). Brazell alleges Goforth was negligent because it knew "about the dangers associated with the fuel tank" location and "had a duty to remove the defective vehicle from the stream of commerce." (Compl. ¶ 25).

GM is a Delaware corporation with its principal place of business in Michigan. (Compl. ¶ 3). Brazell is a South Carolina citizen (Compl. ¶ 1), and Goforth was a South Carolina corporation which was dissolved in 2010 (Compl. ¶ 4). On December 3, 2014, exactly one year after this action was filed, GM removed this action to this court on the basis of diversity jurisdiction. (ECF No. 1). Brazell subsequently filed the instant motion to remand to state court because she contends that there is not complete diversity. (ECF No. 7).

## II. Standard of Review

The removal of cases from state to federal court is governed by 28 U.S.C. §§ 1441 and 1446. Section 1441 provides:

> (a) Generally -- Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing where such action is pending.
>
> (b) Removal based on diversity of citizenship. -- (1)In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded. (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a) & (b).

Section 1446 provides:

> (a) Generally. -- A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed

2

pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) Requirements; generally. -- (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

© If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

(3) Except as provided in subsection ©, if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

© Requirements; removal based on diversity of citizenship. -- (1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446 (a)-©.

The party seeking removal bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). District courts

must construe the removal statute strictly against removal because removing a case from state court implicates "significant federalism concerns." *Mulcahey*, 29 F.3d at 151 (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941)).

### III. Discussion

GM removed this action to this court stating that this court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, and that pursuant to § 1446(c)(1), Brazell had acted in bad faith using Goforth to prevent removal.[1]  Brazell seeks to remand this case to state court because she contends that there is not complete diversity. Additionally, Brazell argues that GM's removal was untimely. GM contends that its removal was timely and that Goforth is a defunct company which has not been served and was named as a defendant solely to defeat diversity.

Diversity jurisdiction exists if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332.  Courts have interpreted 28 U.S.C. § 1332 to require complete diversity, thus "the citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Initially, the court notes that while in its response to the motion to remand, GM concentrates much of its argument on the relatively new §1446(c)(1) and caselaw interpreting that subsection, this subsection is inapplicable as it is undisputed that the removal notice in this case was not filed more than one year after the case was filed in state court. Accordingly, the court will not analyze this issue under § 1446(c)(1); rather the court will analyze this issue under

---

[1] In its removal notice, GM refers to 28 U.S.C. §1441(c)(1) (ECF No. 1 ¶ 7), but it is clear this is merely a typographical error and that GM was citing to 28 U.S.C. § 1446. (Def.'s Mem. Opp. Mot. to Remand at 1,3).

the doctrine of fraudulent joinder.[2]

The doctrine of fraudulent joinder permits removal of an action from state court to federal court by allowing a district court "to disregard the citizenship of [a] nondiverse defendant[ ] and assume jurisdiction." *See Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1004 n. 2 (4th Cir. 2014) (en banc) (internal citation omitted). Basically, the doctrine provides that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. . . ." *Wilson v. Republic Iron & Steel Co.*, 257 U .S. 92, 97-98 (1921) (internal citations omitted).

When a party asserts fraudulent joinder to claim jurisdiction on the basis of diversity, the burden is on the removing party to "demonstrate either outright fraud or bad faith in the plaintiffs' pleading of jurisdictional facts or that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.' " *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (*quoting Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original); *See also Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015). "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall*, 6 F.3d at 232-33. In other words, a joinder is fraudulent if 'there [is] no real intention to get a joint

---

[2]While Brazell argues that GM, by failing to address these issues, has conceded or abandoned any argument that there is diversity of citizenship or that Goforth Auto is fraudulently joined (Pl.'s Reply Mem. at 2), the court finds that it must address these issues as they involve the court's subject matter jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("First, 'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.' Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (citations omitted)); *In re Kirkland*, 600 F.3d 310, 315 (4th Cir.2010) ("Subject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court sua sponte, at any time prior to final judgment.").

5

judgment, and . . . there [is] no colorable ground for so claiming.' " *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (internal quotations and citations omitted).

Further, in determining "whether attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." *AIDS Counseling,* 903 F.2d at 1004 (internal citation and quotation marks omitted). Additionally, this court is required to "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 425 (4th Cir. 1999) (internal citation and quotation marks omitted).

As noted above, the court can disregard the citizenship of Goforth if Brazell committed outright fraud in pleading jurisdictional facts, or "there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court." *See Weidman,* 776 F.3d at 218.  GM has not alleged any outright fraud in the allegations of the Complaint.  As GM has failed to establish outright fraud, it must carry the "heavy burden" of showing that it that there is no possibility of a right to relief for Brazell.  The claim need not be successful, a plaintiff needs to only assert a possibility of a right to relief or a colorable claim.  *Id.*  Here, Brazell has alleged a possible claim against GoForth. *See Scott by McClure v. Fruehauf Corp.*, 396 S.E.2d 354 (S.C.1990)(manufacturer and seller of defective trailer both liable). While the court recognizes that Goforth is an entity which has been dissolved for several years, South Carolina law allows for such a corporation to be sued. S.C. Code Ann. § 33-14-104(c)(5) ("Dissolution of a corporation does not: . . . prevent commencement of a proceeding by or against the corporation in its corporate name.").[3]

---

[3]Moreover, as Brazell noted at the hearing, there is a possibility that there may be some liability insurance which potentially could provide coverage.

GM contends that Goforth is a ghost defendant named by Brazell only to defeat jurisdiction. (Def.'s Mem. Opp. Mot. to Remand at 5). GM argues that Brazell has not actively litigated against Goforth. *Id*. at 6. GM argues that after an initial failed attempt at service, Brazell has not engaged an action against Goforth for almost a year. In regard to her claims against Goforth, GM contends that Brazell has not asserted valid claims, conducted any discovery, negotiated a settlement, or sought a default judgment. *Id*. However, while a mediation has occurred between Brazell and GM, as GM notes little discovery has taken place with it in this case - except for a "few short sets of written discovery." (Def.'s Mem. Opp. Mot. to Remand at 2 n.1).[4] Moreover, while Brazell cannot seek a default judgment against Goforth as it has not been served and failed to answer, under South Carolina law, Brazell still has the option to attempt service against Goforth. *See* S.C. R. Civ. P. 3(a)(2)(providing service may be accomplished within the statute of limitations period); S.C. Code Ann. § 15-3-530(5)(providing three-year statute of limitations for negligence and strict liability causes of action); S.C. Code Ann. § 36-2-725 (providing six-year statute of limitations for breach of warranty cause of action).[5]

Additionally, the court notes that is not inherently bad faith to use strategy to defeat federal jurisdiction. *See Duck Village Outfitters v. Nationwide Mut. Ins. Co.*, C/A No. 2:14-cv-60-FL, 2015 WL 540149, * 2 (E.D.N.C. Feb. 10, 2015); *see also Aguayo v. AMCO Ins. Co.*, C/A No. 14-400-JB/KBM, 2014 WL 5859098, *41 (D.N.M. Oct. 31, 2014). It is well settled federal

---

[4]Discovery has proceeded in a separate action in federal court involving the passenger in the truck and GM. *Donze v. Gen. Motors, LLC,* C/A No. 6:13-cv-2513-TMC.

[5]Under the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P 4(m). Accordingly, even if this action were to remain in federal court, Brazell still has avenues potentially available to attempt service on Goforth.

law in the removal area that the plaintiff is the master of his complaint. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005). Just as a plaintiff who wants a federal forum can forego valid claims against nondiverse defendants to create complete diversity, plaintiffs can forego federal causes of action to defeat federal question jurisdiction, limit recoverable damages to avoid meeting the amount-in-controversy requirement, or allege a colorable claim against a non-diverse defendant. *See Aquayo, 2014 WL 5859098*, *41.[6] However, Plaintiffs like Brazell who bring an action against a nondiverse defendant must "keep the removal spoiler on board through trial to avoid the bad-faith exception." *Id.*

Based on the foregoing, the court will not disregard the citizenship of Goforth because GM has not established that Brazell committed outright fraud in pleading jurisdictional facts, or that "there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court." *See Weidman,* 776 F.3d at 218. In making this determination, the court expresses no opinion on the merits of the claims against any defendant, but simply finds that GM has not carried the heavy burden required to establish fraudulent joinder. Further, in light of the granting of Brazell's motion to remand based on a lack of subject matter jurisdiction, the court need not address the issue of whether GM timely removed within thirty days after service of the initial pleading or other paper.

### IV. Conclusion

Accordingly, based on the foregoing, the Plaintiff's Motion to Remand (ECF No. 7) is **GRANTED**, and this action is remanded to the Court of Common Pleas for Greenville County. Further, Plaintiff's pending motions (ECF Nos. 22 and 28) are denied as moot.

**IT IS SO ORDERED.**

---

[6]Assuming they are not required parties under Fed. R. Civ. P. 19.

                                                s/Timothy M. Cain  
                                                United States District Judge

Anderson, South Carolina  
March 30, 2015